IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. PD–1494–08




MELANIE D. McFATRIDGE, Appellant

v.

THE STATE OF TEXAS



ON APPELLANT’S PETITION FOR DISCRETIONARY REVIEW
FROM THE TENTH COURT OF APPEALS
NAVARRO COUNTY



                      Meyers, J., filed a concurring opinion.

CONCURRING OPINION 

           A trial judge’s determination of indigency is a question of law. The two-step
process articulated in Snoke v. State, 780 S.W.2d 210 (Tex. Crim. App. 1989), first
requires a defendant to make a prima facie showing of indigency. If the defendant
satisfies this burden, the “trial court should accept the defendant’s evidence absent some
reason in the record for not doing so.” Whitehead v. State, 130 S.W.3d 866, 875 (Tex.
Crim. App. 2004). Therefore, the trial judge does not have the discretion to completely
ignore uncontroverted evidence of a defendant’s financial situation. 
           The second step allows the State to present evidence showing that the defendant is
not indigent. While this part of the determination may allow the trial judge some
discretion to believe certain documents or witnesses and disregard others, at the end of
the day, the trial judge is either right or wrong about whether a defendant is indigent. In
Whitehead we stated, “The trial court is not completely free to disbelieve the defendant’s
allegations concerning his own financial status, but the trial court may disbelieve an
allegation if there is a reasonable, articulable basis for doing so, either because there is
conflicting evidence or because the evidence submitted is in some manner suspect or
determined by the court to be inadequate.” Id. at 876.
           The court of appeals ultimately held that the trial court did not abuse its discretion. 
In truth, the court of appeals conducted a de novo review, considering the evidence
presented to the trial court by the defendant and the State and determining that the trial
court was correct. I agree with that determination. I disagree, however, with the
majority’s failure to express that an indigency determination is either right or wrong and
is not in some zone of disagreement. Therefore, I concur.
                                                                                        Meyers, J.
 
Filed: January 27, 2010
Publish